IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| PHILLIP D. BARGAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CV 04-109-AS |
| v. | ) | |
| | ) | FINDINGS AND |
| JO ANNE B. BARNHART, Commissioner of | ) | RECOMMENDATION |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

ASHMANSKAS, Magistrate Judge:

## **INTRODUCTION**

Plaintiff Phillip Bargas brings this action for judicial review of a final decision of the Commissioner of Social Security denying his application for supplemental security income payments under Title XVI of the Social Security Act. The court has jurisdiction under 42 USC §§ 405(g) and 1383(c)(3). The Commissioner's decision should be affirmed and the case dismissed with prejudice.

## BACKGROUND

At all relevant times, Bargas was a younger individual, as defined in the regulations. He completed high school and three years of college. He worked as a cannery worker, dishwasher and custodian. He last worked in May 2001.

Bargas alleges disability beginning in May 2001, due to diabetes and immune thrombocytopenia. Bargas testified that he cannot work because of problems with his knees, deficiency of the blood and diabetes. Bargas also alleges depression and side effects from medication.

## DISABILITY ANALYSIS

The initial burden of proof rests upon the claimant to establish disability. Roberts v. Shalala, 66 F3d 179, 182 (9th Cir 1995). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months."
42 USC § 1382c(a)(3)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled within the meaning of the Act. Bowen v. Yuckert, 482 US 137, 140 (1987); 20 CFR § 416.920. There is no dispute regarding the first four steps in this case.

For the purposes of step five, the Commissioner must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained work-related activities the claimant can still do on a regular and continuing basis, despite the limitations imposed by his impairments. 20 CFR § 416.920(e), 416.945; Social Security Ruling (SSR) 96-8p.

At the step five of the sequential evaluation, the Commissioner must determine whether the claimant can perform other work that exists in the national economy. <u>Yuckert</u>, 482 US at 141-42; 20 CFR § 416.920(e), (f). Here the burden shifts to the Commissioner to show that a significant number of jobs exist in the national economy that the claimant can do. <u>Yuckert</u>, 482 US at 141-42; <u>Tackett v. Apfel</u>, 180 F3d 1094, 1098 (9th Cir 1999). If the Commissioner meets this burden, then the claimant is not disabled. 20 CFR § 416.966(b).

## THE ALJ's FINDINGS

The ALJ found that Bargas has medically determinable impairments that are severe within the meaning of the regulations, which are diabetes mellitus, depression and thrombocytopenia. He assessed Bargas' RFC as follows:

> the claimant can perform a wide range of "light" work. The claimant's capacity for light work is substantially intact and has not been significantly compromised by any nonexertional limitations.

Tr. 15.[1]

The ALJ found that Bargas could not perform any of the work he had done in the past, but retained the RFC to perform other work in the national economy. He relied on the Medical-Vocational Guidelines in 20 CFR Chapter III, Part 404, Subpart P, Appendix 2 to conclude that a significant number of jobs exist in the national economy that can be performed by a person of Bargas' age, education, work experience and RFC. The ALJ found it unnecessary to elicit testimony from a vocational expert.

---

[1]Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative record filed with the Commissioner's Answer. (Docket # 7).

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 USC § 405(g); Andrews v. Shalala, 53 F3d 1035, 1039 (9th Cir 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. Martinez v. Heckler, 807 F2d 771, 772 (9th Cir 1986). The Commissioner's decision must be upheld, even if the evidence is susceptible to more than one rational interpretation. Andrews, 53 F3d at 1039-40. If substantial evidence supports the Commissioner's conclusion, the Commissioner must be affirmed; "the court may not substitute its judgment for that of the Commissioner." Edlund v. Massanari, 253 F3d 1152, 1156 (9th Cir 2001).

## DISCUSSION

Bargas contends the ALJ failed to accurately assess his RFC because he improperly discredited Bargas' testimony, the testimony of the lay witness and a medical source opinion. Bargas contends that these errors led the ALJ to improperly apply the Medical-Vocational Guidelines. Bargas argues that the case must be remanded for further administrative proceedings to correct these errors before the Commissioner can properly determine whether he is disabled.

### I.     Credibility Determination

Bargas testified that he gets bruises all over his legs and arms when he lifts anything over 20 to 30 pounds. He suffers from chronic nausea that causes occasional vomiting. He has dizzy spells and chronic headaches. He tires easily and sleeps three to five hours during the day, but has

difficulty sleeping at night. He takes antidepressant medication which causes sleepiness and forgetfulness. The ALJ did not find Bargas' testimony wholly credible.

The ALJ must provide clear and convincing reasons to discredit a claimant's testimony regarding the severity of his symptoms. Dodrill v. Shalala, 12 F3d 915, 918 (9th Cir 1993); Smolen, 80 F3d at 1283. It is not sufficient for the ALJ to make a general assertion that a claimant is not credible. The ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." Dodrill, 12 F3d at 917-18; Lester v. Chater, 81 F3d 821, 834 (9th Cir 1995); Reddick v. Chater, 157 F3d 715, 722 (9th Cir 1998). These findings must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." Orteza v. Shalala, 50 F3d 748, 750 (9th Cir 1995).

The ALJ may consider objective medical evidence and the claimant's treatment history as well as any unexplained failure to seek treatment or follow a prescribed course of treatment. Smolen, 80 F3d at 1284. The ALJ may also consider the claimant's daily activities, work record and the observations of physicians and third parties with personal knowledge about the claimant's functional limitations. Id. See also SSR 96-7p. In addition, the ALJ may employ ordinary techniques of credibility evaluation, such as identifying prior inconsistent statements concerning the symptoms and other statements by the claimant that appear to be less than candid. Id.

The ALJ considered these factors and made specific findings to support his credibility determination. He noted that Bargas' complaints were disproportionate to the objective medical evidence. Bargas was diagnosed with severe immune thrombocytopenia with associated decreased circulating platelets on November 3, 2001. He responded only briefly to platelet transfusions and steroid therapy, making it necessary to remove his spleen on December 13, 2001. His platelet count

then stabilized at a normal level and did not drop to thrombocytopenic levels thereafter.  The ALJ could reasonably conclude that continuing complaints of disability from thrombocytopenia are not credible in light of the medical evidence that this condition is controlled.

The ALJ also noted Bargas' noncompliance with treatment recommendations to control his diabetes mellitus.  Jon McKeller, MD, found his the "most puzzling case of diabetes" he had treated.  Tr. 165.  Dr. McKellar could not explain why Bargas' blood sugar levels were not altered by significant medication changes, if Bargas' reports of compliance with diet and exercise recommendations were accurate.  After referring Bargas to a diabetes specialist, Dr. McKellar noted "Patient continues to be noncompliant and has not followed consultant's recommendations."  Tr. 160.  The ALJ could reasonably conclude that Bargas would follow treatment recommendations if his claims of debilitating symptoms from diabetes were accurate.

The ALJ noted that Bargas did not seek treatment for some of the symptoms he claims, such as chronic pain, nausea and psychological deficits.  Although he now complains of chronic nausea and vomiting, he denied these symptoms and often failed to mention any complications at all when treated by Dr. McKellar.  Despite poor control of his diabetes, Bargas mentioned only occasional headaches, back pain and leg pain.  He did not undergo psychotherapy and no treating or examining source referred him for psychiatric care.  His mild depressive symptoms appear to have been controlled by medication.  The ALJ noted that no treating or examining medical source had imposed any functional restriction on Bargas' activities.

The ALJ's findings are supported by substantial evidence and provide a sufficiently specific basis for the court to conclude that he did not arbitrarily discredit Bargas' testimony.  Accordingly, the ALJ's credibility determination will not be overturned.  Orteza, 50 F3d at 750.

## II.    Lay Witness

The record contains a third-party questionnaire and testimony from Bargas' mother, Delilah Gallegos. Bargas has lived with Gallegos all his life. She sees him daily. Gallegos testified that Bargas gets mean and upset almost daily, tires easily and sleeps four to six hours during the day. The ALJ expressly considered this testimony and did not articulate reasons to discount Gallegos' credibility. Bargas contends this was error.

Friends and family members and others in a position to observe a claimant's symptoms and daily activities are competent to testify about the claimant's condition. Dodrill v. Shalala, 12 F3d at 918. Such testimony cannot be disregarded without comment. Nguyen v. Chater, 100 F3d 1462, 1467 (9th Cir 1996). If the ALJ wishes to discount lay witness testimony, he must give reasons that are germane to the witness. Id. The ALJ may properly discount lay testimony that conflicts with the medical evidence. Vincent ex rel Vincent v. Heckler, 739 F2d 1393, 1394-95 (9th Cir 1984).

The ALJ did not expressly reject Gallegos' testimony and it is reasonable to conclude that he believed she credibly described Bargas' behavior. However, her description of Bargas' behavior is not clearly inconsistent with the ALJ's RFC assessment. Gallegos explained in a third-party questionnaire, that Bargas is moody and gets upset with her when she tells him to take medication, but gets along well with family members and friends. Her testimony credibly shows that Bargas acts tired and is in the habit of sleeping during the day, but does not establish that this behavior is medically necessary or justified.

This court concludes that the ALJ found Gallegos credible. Accordingly, he was not required to articulate reasons for discounting her testimony.

### III.    Medical Source Statement

On July 16, 2003, Charles Bury, MD, and Roger Cummins, PA-C, signed a letter describing

Bargas' medical condition, as follows:

> He continues to be a brittle diabetic with abnormal elevated
> cholesterol, hypertension, thrombocytopenia, depression with mixed
> anxiety, and diabetic denial with poor management skills. . . He
> suffers from chronic fatigue, blurred vision, poor night vision,
> dyspnea with and without exertion, chronic chest pain, episodes of
> sweats and chills, chronic nausea, headache and dizziness.  He has
> poor to no exercise or activity tolerance.

Tr. 327.

Generally, a treating physician's opinion is afforded the greatest weight in disability cases

because the treating physician is employed to cure and has the best opportunity to know and observe

the patient as an individual.  Ramirez v. Shalala, 8 F3d 1449, 1453 (9th Cir 1993).  A treating

physician's opinion is controlling when it is "well-supported by medically acceptable clinical and

laboratory diagnostic techniques and is not inconsistent" with other evidence of record.  20 CFR §

416.927(d)(2).

The ALJ expressly considered the letter, but did not give it great weight.  The ALJ correctly

observed that the functional limitations asserted by Dr. Bury and Mr. Cummins are not supported

by objective medical evidence.  For example, there is no evidence in the record indicating that he

has ever complied with an exercise program or otherwise tested his tolerance for activity.  The case

record overwhelmingly demonstrates Bargas' failure to comply with exercise recommendations.

No medical source has imposed restrictions on his activities.  Bargas does not require an assistive

device to ambulate.

The contemporaneous records produced by Dr. Bury and the medical staff at Klamath Family Practice Center fail to mention many of the findings asserted in the letter, such as vision problems, chronic nausea and chronic chest pain. The contemporaneous records reflect that Bargas denied dizziness, shortness of breath and cardio-pulmonary symptoms and mentioned only transient headaches and chills.

The contemporaneous records support findings of mild to moderate depression with mixed anxiety. However, as the ALJ observed, these symptoms were apparently controlled by antidepressant medication prescribed at the family practice center. Bargas' treating physicians did not find it necessary to refer him for psychiatric evaluation or treatment.

Due to the lack of medical findings in the contemporaneous records, the assertions in the statement of Dr. Bury and Mr. Cummins appear to be based primarily on Bargas' subjective reports. The ALJ properly evaluated Bargas' credibility and determined that his subjective reports were not wholly credible. An ALJ can properly reject a medical opinion that is based primarily on subjective reports that were properly discredited. Fair v. Bowen, 885 F2d 597, 605 (9th Cir 1989); Tonapetyan v. Halter, 242 F3d 1144, 1149 (9th Cir 2001).

For these reasons, the ALJ gave greater weight to the RFC assessment of agency reviewing physicians Martin Kehrli, MD, and Scott Pritchard, DO, who did not rely heavily on Bargas' subjective reports and determined that Bargas had exertional limitations consistent with the requirements of light work. The ALJ's evaluation of the evidence was reasonable. Even if the interpretation asserted by Bargas is also rational, the court must uphold the ALJ. Morgan v. Commissioner, 169 F3d 595, 599 (9th Cir 1999). The ALJ's decision to discount the opinion of Dr. Bury and Mr. Cummins should not be disturbed.

## IV.     **Medical Vocational Guidelines**

At step five, the Commissioner bears the burden to show that the claimant can do other work which exists in the national economy. Yuckert, 482 US at 141-42; Tackett v. Apfel, 180 F3d at 1099. She can satisfy this burden by referring to the Medical-Vocational Guidelines, 20 CFR Part 404, Subpart P, Appendix 2, or by eliciting the testimony of a vocational expert. Tackett, 180 F3d at 1099, 1101.

The Medical-Vocational Guidelines include tables known as Grids, corresponding to the defined exertional ranges of work, viz., sedentary, light and medium. The Grids contain numbered rules which direct a conclusion of "disabled" or "not disabled" based on the findings regarding exertional capacity and the vocational factors of age, education and work experience.

The ALJ's findings that Bargas is a younger individual with a high school education or higher, work experience providing no transferrable skills and the RFC to perform light work coincide with those of Rule 202.21 of the Grids. Rule 202.21 directs a decision of "not disabled." 20 CFR Pt 404, Subpt P, App 2, Table No 2, Rule 202.21.

The Grids provide a streamlined method of determining whether sufficient numbers of jobs exist in the national economy given the claimant's vocational characteristics. Tackett v. Apfel, 180 F3d at 1101-02. They are predicated on impairments that manifest themselves by limiting the ability to meet the exertion requirements of jobs. Application of the Grids presumes the ability to perform the full range of work at the pertinent exertional level. 20 CFR Pt 404, Subpt P, App 2 § 200.00(e). If a claimant has impairments that prevent him from performing some jobs in a given exertional category, the Commissioner cannot utilize the streamlined method the Grids provide. *Tackett,* 180 F3d 1101-02; *Desrosiers v. Sec'y of Health & Human Services,* 846 F2d 573, 577 (9th Cir 1988).

Bargas contends the ALJ improperly applied the Medical Vocational Guidelines by ignoring his nonexertional limitations. He argues that his ability to perform light work is substantially reduced by the limitations identified in his testimony, Gallegos' testimony and the statement of Dr. Bury and Mr. Cummins. He also argues that the record contains other evidence of deficits in memory, understanding and stamina.

However, the ALJ applied proper legal standards in assessing Bargas' RFC and his conclusions are supported by substantial evidence in the record. Bargas has failed to establish that his occupational base is significantly eroded by nonexertional limitations. The ALJ's evaluation of the evidence provides no basis for challenging his determination that Bargas remains capable of performing work which exists in the national economy. The ALJ's ultimate conclusion that Bargas is not disabled or entitled to benefits under the Act should be affirmed.

## **RECOMMENDATION**

Based on the foregoing, the ALJ's determination was based on proper legal standards and supported by substantial evidence. The Commissioner's final decision should be affirmed and judgment entered dismissing this case with prejudice.

## **SCHEDULING ORDER**

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due **May 27, 2005**. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a

/ / / / /

/ / / / /

/ / / /

response to the objections is due fourteen days after the date the objections are filed and the review

of the Findings and Recommendation will go under advisement on that date.

IT IS SO ORDERED.

DATED this 12th day of May, 2005.

/s/ Donald C. Ashmanskas
Donald C. Ashmanskas
United States Magistrate Judge